**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.** | **1:07CR487** |
| | ) | | **1:16CV355** |
| | ) | | |
| Plaintiff-Respondent, | ) | **JUDGE JOHN R. ADAMS** | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| **LEWIS E. LARCH, JR.,** | ) | **MEMORANDUM OPINION** | |
| | ) | **AND ORDER** | |
| Defendant-Petitioner. | ) | | |
| | ) | | |

The instant matter is before the Court upon Petitioner Lewis Larch's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 88. Larch argues that he was improperly sentenced under the Armed Career Criminal Act ("ACCA") following the Supreme Court's decision in *Johnson v. United States,* 135 S.Ct. 2551 (2015). Doc. 88. For the following reasons, the petition is DENIED

## I. PROCEDURAL HISTORY

On March 12, 2008, a jury convicted Larch of one count of being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1) and one count of possession of multiple stolen firearms in violation of 18 U.S.C. §922(j). Doc. 52. The Pretrial Services Department later submitted its Final Presentence Report ("PSR"). The PSR described 11 previous aggravated burglary convictions from 1990-94 and concluded that Larch qualified as an Armed Career Criminal under 18 U.S.C. §924(e) based on at least three of these convictions. These same convictions then qualified Larch for a sentence enhancement under the ACCA.

Larch raised no objections to the PSR at the sentencing hearing nor did he object to the Guidelines calculation set forth in the PSR, including that his prior convictions were predicate

1

offenses subject to the sentence enhancement. Doc. 74 at 3, 4. The Court then sentenced Larch to 235 months of incarceration on count one and 180 months of incarceration on count two, to run concurrently. Doc. 66. He was sentenced to three years of supervised release and was ordered to pay a $200 special assessment. Doc. 66.

Larch filed a timely notice of appeal with the Sixth Circuit Court of Appeals and challenged only the sufficiency of the evidence presented at trial and the denial of his motion for acquittal. The Sixth Circuit affirmed the Court's rulings. Doc. 83. Five and a half years later, Larch filed his Motion for Relief pursuant to 18 U.S.C. §2255, claiming that the prior convictions for aggravated burglary used to enhance his sentence under the ACCA, are no longer qualified as valid predicate offenses based on the Supreme Court's decision in *Johnson v. United States,* 135 S.Ct. 2551 (2015). Doc. 88. The Government opposed the motion, and Larch subsequently filed a Notice of Supplemental Authority, citing the Supreme Court's decision in *Mathis v. United States*, 136 S.Ct. 2243 (2016). The Government filed its response to the Notice, and the case is now ripe for decision.

**I. STANDARD OF REVIEW**

A prisoner may challenge a sentence post-conviction pursuant to 28 U.S.C. §2255 under the following circumstances:

1) The sentence was imposed in violation of the Constitution or laws of the United States;

2) The court was without jurisdiction to impose such sentence;

3) The sentence was in excess of the maximum authorized by law; or

4) The sentence is otherwise subject to collateral attack.

To prevail on a §2255 motion alleging constitutional error, petitioner "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the

proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (*citing Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

## III. LAW AND ARGUMENT

Here, Larch alleges that, after *Johnson*, he no longer has three predicate convictions to support an ACCA sentence enhancement. Specifically, Larch argues that his aggravated burglary convictions fall under Ohio Revised Code §2911.11(A)(3),[1] which is broader than the ACCA's enumerated offense of generic burglary. As such, Larch argues that his convictions cannot serve as predicate offenses for the ACCA enhancement.

The issue raised by Larch is one of first impression for this Court. It has not been considered by the Supreme Court or the Sixth Circuit Court of Appeals. However, two colleagues within this district have considered the exact arguments raised by Larch. *U.S. v. Smith*, 1:07CR364, 2017 WL 1370944 (N.D. Ohio Apr. 17, 2017); *U.S. v. Barclay*, 5:13-CR-3, 2016 WL 3753088, at *1 (N.D. Ohio July 11, 2016), *reconsideration denied*, 5:13-CR-3, 2016 WL 4491725 (N.D. Ohio Aug. 26, 2016). After careful consideration, the Court hereby adopts the law and analysis of each decision in their entirety. Therefore, the Court finds that Larch's aggravated burglary convictions were properly classified as predicate offenses under the ACCA. For the reasons stated in *Smith* and *Barclay*, Larch's petition is denied.

---

[1] Ohio Revised Code §2911.11(A)(3) was amended in 1996. All of Larch's convictions occurred prior to the statute's amendment. As such, all references in this opinion to the Ohio Revised Code refer to the pre-amendment version of the statute.

## IV. CONCLUSION

For the foregoing reasons, Petitioner Lewis Larch's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **DENIED.**

**IT IS SO ORDERED.**

Dated: June 14, 2017  /**s/** *John R. Adams*
**JOHN R. ADAMS**
**UNITED STATES DISTRICT JUDGE**